FILED
 2021 Dec-09  PM 04:19
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **SHELLY RENEE STANFORD,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | |
| ) | **Civil Action No. 5:20-CV-1755-CLS** |
| **KILOLO KIJAKAZI, Acting** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Claimant, Shelly Renee Stanford, commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying Ms. Stanford's claim for a period of disability and disability insurance benefits.[1]  For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed, and this case remanded for further proceedings.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the

---

[1] Doc. no. 1 (Complaint).

Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence , nor in accordance with applicable legal standards. Specifically, she argues that the ALJ failed to consider her frequent need to urinate as a side effect of the medication "Lasix";[2] that he improperly evaluated claimant's obesity under the requirements of Social Security Ruling 19-2p; and, that he improperly determined that claimant is able to return to her past relevant work as an eligibility worker, apartment manager, DVD packager, and cookie packager.[3]  Upon review, the court finds that claimant's first contention has merit.

Medication side effects are relevant to the determination of a claimant's eligibility for disability benefits. *See* 20 C.F.R. § 404.1529(c)(3)(iv) (indicating that the side effects of medication will be considered in the disability determination). Where a  claimant testifies that her prescribed medications have a deleterious effect on her ability to work, the ALJ must elicit testimony and make findings on the

---

[2] "Lasix" is the proprietary name of claimant's prescription medication. Its generic name is *furosemide*, and it "works by blocking the absorption of sodium, chloride, and water from the filtered fluid in the kidney tubules, causing a profound increase in the output of urine (diuresis) . . . [T]he diuresis lasts about 6-8 hours." *See* https//www.medicinenet.com/furosemide/article.htm#what_are_the_side_effects _of_furosemide (last visited Dec. 8, 2021).

[3] The record does not contain a description of the job duties of a cookie packager.

claimant's claim, thereby "making it possible for a reviewing tribunal to know that the claim was not entirely ignored." *Cowart v. Schweiker*, 662 F.3d 731, 737 (11th Cir. 1981) (quoting *Figueroa v. Secretary of HEW*, 585 F.2d 551, 554 (1st Cir. 1978)). The ALJ has a duty to develop the record fully, even where a claimant is represented by counsel. *Cowart*, 662 F.2d at 735.

Claimant testified at the administrative hearing that Lasix — a potent diuretic[4] that was prescribed for claimant's atrial fibrillation, and a medication that she continued to take during the period that her disability claim was assessed — caused her to urinate every 15 to 20 minutes during the four-hour period initially following ingestion.[5] She also testified that she considered her back pain and obesity, combined with the effects of her prescribed pain medication and Lasix, to be the main reasons that she could not work.[6]

When claimant testified that she believed her medications limited her ability to work, the following exchange occurred:

**ALJ**: Why your medication?

**Claimant**: My pain pill and my water pill.

**ALJ**: What do you take for pain medicine.

---

[4] See note 2, *supra*.
[5] Tr. 47.
[6] Tr. 54-55.

**Claimant**: Hydrocodone.

Tr. 55. Despite claimant's testimony about her need for frequent urination during an extended period of time over the course of each workday, the ALJ did not elicit any testimony about her belief that the side effect of Lasix was disabling in combination with her severe impairments, nor did he elicit testimony about the effect that her pain medication, hydrocodone, had on her ability to function.

Moreover, the ALJ did not include any limitations attributable to claimant's prescribed medication when posing hypotheticals to the vocational expert. The ALJ posed the following hypothetical for an individual with the age, education, and prior work history of the claimant:

> The hypothetical individual can occasionally lift and/or carry, including upward pulling of 20 pounds. Occasionally is up to one-third of an eight-hour workday. Frequently lift and/or carry, including upward pulling of 10 pounds. Frequently up to two-thirds of an eight-hour workday.
>
> The hypothetical individual can sit for six hours in an eight-hour workday, with normal breaks, and stand and walk with normal breaks for six hours in an eight-hour workday. The hypothetical individual's ability to push and/or pull, including the operation of hand and/or foot controls is unlimited up to the lifting/carry restrictions of 20 and 10 pounds. I'm sorry. Strike that.
>
> The claimant's ability to pushing and pull, including operation of hand controls, is unlimited up to the lifting carry restriction of 20 and 10 pounds. The left lower extremity is limited to occasional use for foot controls, with no limitations on the right lower extremities.

> The hypothetical individual can occasionally climb ramps and stairs. Occasionally balance, stoop, kneel, crouch and crawl. No work on ladders, ropes or scaffolds. No work around dangerous machinery.

Tr. 59-60. Based on the ALJ's hypothetical, the vocational expert testified that claimant could perform her past work as an eligibility worker, an apartment manager, DVD packager, cookie packager, and cafeteria cook.[7]

The ALJ proposed a second hypothetical adding the limitations that "the individual can understand, remember and carry out short, simple instructions and can concentrate for two-hour periods across an eight-hour workday, five-day workweek, with all customary work breaks."[8] The vocational expert opined that, with those additional limitations, claimant could return to her past work as a DVD and cookie packager, but was precluded from all other prior work.[9] Despite claimant's testimony that her "water pill" and pain medication negatively affected her ability to work, the ALJ failed to include any limitations relating to her medication when formulating hypotheticals for the vocational expert's consideration.[10]

The only mention of claimant's medication side effects in the ALJ's opinion is

---

[7] Tr. 60-61.

[8] Tr. 61.

[9] *Id.*

[10] It should be noted that claimant's attorney had, and took, the opportunity to question the vocational expert, and he, also, failed to inquire about the effect claimant's medication would have on her ability to perform her past, or any other, work. *See* Tr. 62-69. Even so, it is ultimately the ALJ's duty to develop the record.

5

found in the following statement: "[Claimant] reported medication side effects, but also denied side effects in the medical records."[11]  The Commissioner argues that, for a claimant's complaints about medication side effects to be credited, the claimant must report the side effects to her physician, and noted that the medical evidence recorded no such complaints.[12]  Notwithstanding, it is foreseeable that, when claimant's physician prescribed Lasix, he informed her that one of its effects was an increased frequency of urination,[13] and she consequently did not consider that to be a "side effect" to be reported to the physician on follow-up visits.

Accordingly, remand is warranted for the ALJ to develop the record with regard to the side effects of claimant's medication.

In accordance with the foregoing, the decision of the Commissioner is reversed, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

The clerk is directed to close this file.

---

[11] Tr. 25.

[12] Doc. no. 12 (Memorandum Opinion in Support of the Commissioner's Decision), at 8.

[13] "Not surprisingly, one of the most common side effects of taking [Lasix] is frequent urination."  *See* https://www.health.harvard.edu/heart-health/tips-for-taking-diuretic-medications (last visited Dec. 8, 2021).

**DONE** and **ORDERED** this 9th day of December, 2021.

_____
Senior United States District Judge